United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEATRICE J. HEWITT,

    Plaintiff,

    v.

RITE AID CORPORATION,

    Defendant.

_____/

No. C-06-3710 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING MOTION TO DISMISS IN PART**

    Defendant's motion to dismiss four of plaintiff Beatrice J. Hewitt's ("Hewitt") claims, including claim two for discrimination, claim three for retaliation, and claim six for interference all under the Family Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"), and claim four for failure to prevent discrimination under the Fair Employment and Housing Act ("FEHA") came on for hearing before this court on November 29, 2006.  Having read the papers and carefully considered the arguments and the relevant legal authority, the court hereby GRANTS defendant's motion to dismiss plaintiff's second, third and sixth claims and DENIES defendant's motion to dismiss plaintiff's fourth claim, for the reasons stated at the hearing, and summarized as follows.

**BACKGROUND**

    Hewitt filed suit against Rite Aid Corporation ("Rite Aid") based on the termination of her employment following her return from medical leave after a heart attack she suffered at work.  Three of her claims are based on defendant's alleged violation of the FMLA and the

CFRA, which protect employees who require extended leaves of absence, for their own or a family member's medical care, from retaliation and other adverse consequences of taking the leave. Rite Aid seeks to dismiss these FMLA/CFRA claims and also Hewitt's FEHA claim for failure to prevent discrimination.

**DISCUSSION**

A.  Legal Standard

   1.   Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) motions are generally disfavored. If the court decides the facts as alleged would entitle plaintiff to a legal remedy, the 12(b)(6) motion must be denied. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The court may not consider outside evidence on a 12(b)(6) motion. See Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). Leave to amend a complaint is routinely granted by the court. See Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990).

   2.   FMLA

Under the FMLA, there are two categories of protected rights: (1) rights relating to entitlement and interference, arising under 29 U.S.C. § 2615(a)(1), and (2) rights relating to retaliation and discrimination, arising under 29 U.S.C. § 2615(a)(2) and § 2615(b). Each provision involves a distinct theory of recovery, requiring allegation of separate facts for each claim. The Ninth Circuit has "clearly determined that § 2615(a)(2) applies only to employees who oppose employer practices made unlawful by FMLA, whereas, § 2615(a)(1) applies to employees who simply take FMLA leave and as a consequence are subjected to unlawful actions by the employer." Xin Liu v. Amway Corporation, 347 F.3d 1125, 1133, n.7 (9th Cir. 2003); see also Bachelder v. America West Airlines, Inc., 259 F.3d 1112, 1124 (9th Cir. 2001). Additionally, § 2615(b) prohibits "discrimination against any individual for instituting or participating in FMLA proceedings or inquiries." See Bachelder, 259 F.3d at 1124; see also Shields v. BCI Coca-Cola, 2005 WL 2045887 (W.D. Wash. 2005) (discussing Bachelder and referring to the three categories); accord Stewart v. Sears Roebuck & Co., 2005 WL 54539 (D. Or. 2005). The Ninth Circuit has repudiated other

2

United States District Court
For the Northern District of California

courts' melding of interference and retaliation (and/or discrimination) claims.

  B.  Defendant's Motion to Dismiss

    1.  FMLA claims

  It appears to the court that although plaintiff's complaint cites the words of all three provisions described above–discrimination, retaliation and interference–the essence of plaintiff's FMLA claims is that she was treated adversely as a consequence of having taken extended leave. While such an allegation intuitively suggests "retaliation", the FMLA actually labels this conduct by an employer as "interference", with retaliation applying to actions involving employees who oppose employer practices made unlawful by the FMLA. The FMLA claims, as pleaded, are confusing as it appears that claims two, three and six are duplicative and that they do not reflect the applicable provisions of the FMLA.

  At the hearing Hewitt conceded that she is not bringing her FMLA claims pursuant to 29 U.S.C. § 2615(a)(2), which prohibits discrimination and retaliation for opposing an employer's unlawful practices under the FMLA.  Additionally, Hewitt asserted no allegations that would support such a claim, as she did not allege that she opposed any practice of Rite Aid that is unlawful under the FMLA.  See Liu, 347 F.3d at 1133, n.7 ("§ 2615(a)(2) applies only to employees who oppose employer practices made unlawful by FMLA"); see also Bachelder, 259 F.3d at 1124.  However, she believes that she may have grounds to state a claim for discrimination or retaliation under 29 U.S.C. § 2615(b) which proscribes discrimination for initiating or participating in FMLA proceedings, in addition to her claim for interference under 29 U.S.C. 2615(a)(1).

  Accordingly, the court GRANTS Rite Aid's motion to dismiss plaintiff's second, third and sixth claims under the FMLA with leave to amend, such that plaintiff may re-plead claims for interference under 29 U.S.C. § 2615(a)(1), and for discrimination or retaliation under 29 U.S.C. § 2615(b), to the extent that Hewitt determines such a claim exists.

  As stated at the hearing, although the court is dismissing all FMLA claims because they are not plead with sufficient clarity, it nevertheless finds that Hewitt has alleged a sufficient factual basis for an interference claim.  Although she did not specifically allege

3

that her medical leave was a "negative factor" in Rite Aid's termination decision, Hewitt alleged sufficient facts from which such an allegation may be inferred.  The Ninth Circuit held in <u>Liu</u> that inferences can be drawn from the circumstances of the termination to find that the FMLA leave was a negative factor in the decision to terminate.  See <u>Liu</u>, 347 F.3d at 1136-37.

Thus, Hewitt is granted leave to amend her complaint to re-plead the interference claim and, to the extent she determines that sufficient facts exist, the discrimination and retaliation claim as well.

### 2. CFRA

Hewitt also brings claims two, three and six, under CFRA.  The court noted at the hearing that claim three, alleging retaliation under CFRA, is not supported by the code section that Hewitt cited in her complaint.  In her opposition, and at the hearing, Hewitt cited to another provision, Cal. Code Regs., tit. 2, § 7297.7, which does concern discrimination and retaliation for CFRA leave.  However, Hewitt did not cite to this provision in her complaint.  Accordingly, as currently pled, the complaint fails to state a claim for retaliation under CFRA and claim three must therefore be dismissed.  However, as it appears that this defect can be cured, leave to amend is granted.

### 3. Failure to Prevent Discrimination claim

The court finds that Hewitt's fourth claim for failure to prevent discrimination under FEHA states an actionable claim and defendant's motion to dismiss this claim is DENIED. The Ninth Circuit and California courts have recognized that Cal. Govt. Code § 12940(k) creates an actionable statutory tort for failure to take all reasonable steps necessary to prevent discrimination, when such a tort is predicated upon a specific factual finding that discrimination actually occurred.  See <u>Kohler v. Inter-Tel Technologies</u>, 244 F.3d 1167, 1174 n.4; <u>see also</u> <u>Trujillo v. North County Transit Dist.</u>, 63 Cal. App. 4th 280, 286, 287-289 (1998).

## CONCLUSION

In conclusion, the court GRANTS defendant's motion to dismiss plaintiff's claims

4

two, three and six for retaliation, discrimination and interference with leave to amend such that plaintiff may restate her FMLA claims under 29 U.S.C. §§ 2615(a)(1) and 2615(b). Plaintiff is also granted leave to amend her retaliation claim under CFRA. The court DENIES defendant's motion to dismiss plaintiff's fourth claim for failure to prevent discrimination under FEHA. No other amendments are permitted and no further claims may be stated. The first amended complaint shall be filed within thirty days of the date of the hearing. A responsive pleading shall be filed no later than twenty days thereafter.

December 1, 2006

**IT IS SO ORDERED.**

_____
PHYLLIS J. HAMILTON
United States District Judge